IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD LARRY AUTREY, :

    Petitioner, :
                                            CIVIL ACTION 14-0220-CG
v. :
                                     CRIMINAL ACTION 10-00185-CG-M
UNITED STATES OF AMERICA, :

    Respondent. :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 39), referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 39) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Ronald Larry Autrey. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

On August 26, 2010, Petitioner was indicted for

1

>    having been convicted of a crime punishable
>    by imprisonment for a term exceeding one (1)
>    year, to wit:  Burglary, Third Degree on
>    April 12, 1990, in the Circuit of Mobile
>    County, Alabama, Case No. 90-0657; and
>    Possession/Sale of Short-Barreled
>    Rifle/Shotgun on February 27, 2003, in the
>    Circuit Court of Mobile County, Alabama,
>    Case No. 2002-2495, did knowingly possess,
>    in and affecting commerce, a firearm, namely
>    a Ruger, model P-94, .40 caliber
>    semiautomatic pistol, serial number 341-
>    28421

in violation of 18 U.S.C. § 922(g)(1) (Doc. 1, p. 1).  On February 10, 2012, Autrey signed a Plea Agreement, along with his appointed attorney, Chris Knight, and the Assistant United State Attorney, Michele C. O'Brien, in which he admitted to factual circumstances proving a violation of the charge against him (Doc. 16).  Four days later, United States District Judge Callie V. S. Granade accepted the plea and found Autrey guilty of being a prohibited person in possession of a firearm (*see* Doc. 17).  On May 16, Judge Granade sentenced Petitioner to fifteen years on the conviction as well as five years of supervised release following his release from prison, and an assessment of one hundred dollars (*see* Doc. 25).

Represented by new counsel, W. Greg Hughes, Autrey appealed his conviction (Doc. 27); Hughes filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) (*see* Doc. 36).  On May

10, 2013, the Eleventh Circuit Court of Appeals affirmed the conviction and sentence in a written, unpublished opinion (Doc. 36). That judgment was entered as mandate on June 11, 2013 (*see* Doc. 37).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on May 6, 2014, raising the following claims: (1) His trial attorney rendered ineffective assistance; (2) his appellate counsel rendered ineffective assistance; and (3) this Court improperly enhanced his sentence under the Armed Career Criminal Act (hereinafter *ACCA*) (Doc. 39). Respondent filed a response on July 14 (Doc. 44) to which Petitioner has replied (Doc. 47).

Autrey first claims that his trial attorney rendered ineffective assistance (Doc. 39, pp. 4, 15-17). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a

>           fair trial, a trial whose result is
>           reliable.  Unless a defendant makes both
>           showings, it cannot be said that the
>           conviction . . . resulted from a breakdown
>           in the adversary process that renders the
>           result unreliable.

*Id*. at 687.

Autrey has more particularly claimed ineffectiveness in his trial attorney's (a) failure to investigate his criminal history and (b) failure to question whether one of his prior convictions qualified as an ACCA predicate (Doc. 39, pp. 15-17).  Petitioner asserts that Attorney Knight told him that the sentence range for his plea to the conviction was fifteen-to-twenty-one months, with a statutory maximum sentence of ten years, and that there was no enhancement under the ACCA; Autrey relied on this advice in making his plea (Doc. 39, p. 15).

The Court notes that Autrey, at the Plea Hearing, stated that he had gone to school through the twelfth grade, had not recently been treated for mental illness or drug addiction, was not currently under the influences of alcohol, drugs, or medication (Doc. 34, pp. 3-4).[1]  Petitioner had read the indictment against him, had fully discussed the charge against him with his attorney and understood it; he was fully satisfied

---

[1] Autrey's recent report of "his family history of mental illness and drug addiction" belies prior sworn testimony (*see* Doc. 47, p. 2).

4

with his Attorney's counsel, representation, and advice (*id.* at p. 4). Autrey acknowledged the Plea Agreement and accompanying factual resume that he had signed after reading and discussing it with his attorney (*id.* at pp. 4-5). Judge Granade cautioned him that the Agreement was no more than a recommendation and that she could reject it and sentence him more severely than anticipated; Autrey stated that he understood that and was pleading guilty, of his own free will, because he was guilty (*id.* at p. 6). The Judge then informed Petitioner that the maximum penalty to which she could sentence him was ten years' imprisonment; she went on to caution him, however, that

> [t]here is an enhancement provision that
> applies to that statute. I don't know
> whether it applies to your case[] or not.
> But if you have three prior qualifying
> convictions for either serious drug offenses
> or crimes of violence that occurred separate
> from one another, then the minimum mandatory
> sentence for that offense would be 15 years'
> imprisonment up to life imprisonment. Like
> I say, I don't know if it applies to your
> case or not. But you need to be aware of
> that. Do [] you understand the normal – the
> normal sentence that could be imposed as
> well as the enhanced sentence that could be
> imposed if it applies?

(*id.* at pp. 7-8). Autrey replied that he did (*id.* at p. 8). Judge Granade went on to caution another Defendant in a different criminal action whose plea was also being entered at

5

this Hearing, that she had no way of knowing whether the enhancements were applicable to him because she did not know his criminal history, but that he needed to understand that the possibility existed (*id.* at p. 8). Autrey stated that he understood that the sentencing range the guidelines provided may be different from what his attorney told him it would be and that the judge did not have to follow the guidelines in any event (*id.* at 9-10). Autrey again acknowledged that he had signed the Plea Agreement and factual resume, meaning that he understood that the government could prove the facts therein; he then pled guilty to the charge against him (*id.* at p. 13). Judge Granade found that Petitioner was "fully competent and capable of entering an informed plea," and that he was "aware of the nature of the charges and the consequences of the plea and that the plea[] of guilty [was] knowing and voluntary[,] supported by an independent basis in fact containing each of the essential elements of the offense" (*id.* at p. 14).

The United States Supreme Court has held that "'it is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *United States v. Broce*, 488 U.S. 563, 574 (1989) (*quoting Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). Judge Granade, on the record, found that Autrey's

plea was knowing and voluntary (Doc. 34, p. 14).

Accepting Petitioner's argument that his attorney assured him that his sentence would be much less than it was, Judge Granade expressly warned Autrey that there were provisions that could be applicable that would enhance his sentence (*id.* at p. 7-8).  Nevertheless, Petitioner did not seek to withdraw his guilty plea, acknowledging that he knew the enhancement provisions were in effect when he viewed the Presentence Investigation Report (Doc. 39, p. 7).  Autrey further acknowledged that he did not withdraw his plea because his attorney told him that he could face a life sentence if he proceeded to trial and lost (Doc. 39, Autrey Aff., p. 2, ¶ 3).

In light of this admission, Petitioner's claim that his trial attorney failed to properly investigate his criminal history fails to prove the ineffectiveness of his counsel.  As noted by the Supreme Court, "in order to satisfy the 'prejudice' requirement [of an ineffective assistance of counsel claim], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 373 U.S. 52, 59 (1985).  Autrey has not even alleged that he was willing to go to trial; rather, he has acknowledged that his fear of a longer sentence led him to continue with his guilty

7

plea.  As Petitioner cannot demonstrate the prejudice required to satisfy this claim, there is no need to determine whether his attorney was deficient in his performance.  *Strickland*, 466 U.S. at 667.

Autrey has also particularly claimed ineffectiveness in his trial attorney's failure to question whether one of his prior convictions qualified as an ACCA predicate (Doc. 39, pp. 16-17). Petitioner specifically references his third-degree burglary conviction, arguing that it is not a violent crime for ACCA purposes (Doc. 39, p. 16).

The Government has responded as follows:

> [Autrey] is correct that, as of now, a conviction for Alabama third-degree burglary does not qualify as an ACCA predicate offense—at least not under the enumerated crimes clause of the act.  *See United States v. Jones*, 743 F.3d 826 (11th Cir. 2014); *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014).  But these cases were decided well-after Autrey's May 2012 sentencing and January 2013 direct appeal brief.  Even *Descamps*, the Supreme Court case upon which *Jones* and *Howard* were based, was not decided until June 20, 2013 – over a month after the Eleventh Circuit affirmed Autrey's sentence. *Descamps v. United States*, 133 S.Ct. 2276 (2013).  Moreover, until *Howard* was decided in February 2014, use of the modified categorical approach to include Alabama third-degree burglaries as ACCA predicates was perfectly permissible.  *United States v. Rainier*, 616 F.3d 1212, 1216 (11th Cir. 2010).

8

(Doc. 44, p. 8). The Court has reviewed Respondent's summary and found that it faithfully reports the changes made in the evolving Eleventh Circuit understanding of the ACCA law as it relates to sentencing on past Alabama convictions. Nevertheless, the Government has correctly noted that the law has changed since Autrey was sentenced and his appeal concluded (*id.*).

The Court would further note that *Descamps*, the United States Supreme Court decision that initiated the change did not espouse a new rule of law; likewise, it has not been found to be retroactive. The Court specifically notes that although the Eleventh Circuit Court of Appeals has not entered a decision as to whether *Descamps* is to be applied retroactively, cases by the district courts in this circuit have decided that it is not. *See Strickland v. English*, 2013 WL 4502302, *8 (N.D. Fla. August 22, 2013); *Reed v. United States*, 2013 WL 5567703, *3 (M.D. Fla. October 9, 2013); *Roscoe v. United States*, 2013 WL 5636686, *11 (N.D. Ala. October 16, 2013); *Johnson v. United States*, 2014 WL 2215772, *2 (M.D. Fla. May 27, 2014); *United States v. Boykin*, 2014 WL 2459721, *1 (N.D. Fla. May 31, 2014); and *Adams v. United States*, 2014 WL 2993785, *3 (S.D. Ala. July 3, 2014).

The Court finds that Autrey has not demonstrated the

9

ineffective assistance of his trial attorney in failing to recognize that the law, finding that an Alabama third-degree burglary conviction qualified as an ACCA conviction for sentencing purposes, was about to change.  Though the law did change, it was not done so in time to benefit Petitioner.  His arguments otherwise are without merit.

Petitioner has also asserted that his appellate attorney rendered ineffective assistance in failing to recognize the change that *Descamps* would bring in sentencing under the ACCA (Doc. 39, pp. 4-9).  In *Evitts v. Lucey*, 469 U.S. 387, 396 (1985), the United States Supreme Court extended *Strickland* to the appellate level, stating that "[a] first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."

The Court finds that Autrey's claim gains no momentum as a claim against his appellate attorney.  Though he argues that Counsel should have known that change was afoot when the United States Supreme Court granted *certiorari* in the *Descamps* case (Doc. 39, p. 5), *see Descamps v. United States*, 133 S.Ct. 90 (2012), it is clear that the law did not change until the *Descamps* opinion was entered.  This occurred after Petitioner's appeal was concluded, rendering this claim meritless.

Autrey's final claim is that this Court improperly enhanced his sentence under the ACCA by using the third-degree burglary conviction (Doc. 39, pp. 22-27). The Court notes that although Petitioner has correctly invoked the holdings in *Jones*, *Howard*, and *Descamps*, he has nevertheless failed to demonstrate that the law espoused is applicable to his circumstance as his action was concluded before any of those decisions were rendered.

The Court would further note that Autrey waived his right to assert this claim in a collateral proceeding in his Plea Agreement (*see* Doc. 16, p. 6, ¶ 20). Petitioner also acknowledged the waiver in his Plea Hearing before Judge Granade (*see* Doc. 34, p. 11). Respondent also correctly notes that this issue is procedurally defaulted because it was not raised on appeal (Doc. 44, pp. 9-10; *see* Doc. 36). This claim is without merit.

Autrey raises three different claims in bringing this action. All are without merit. In addition, Petitioner's third claim, that this Court improperly enhanced his sentence under the ACCA by using the third-degree burglary conviction to enhance his sentence, was waived in Autrey's Plea Agreement and is procedurally defaulted as it was not raised on appeal. Therefore, it is recommended that the petition be denied and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Inasmuch as the Court has found that Autrey has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that he will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 20th day of August, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE